IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

SCOTT COOPER,                              )    CASE NO. 1:11 CV 699
                                           )
                    Petitioner,            )    JUDGE DONALD C. NUGENT
                                           )
        v.                                 )    MAGISTRATE JUDGE
                                           )    WILLIAM H. BAUGHMAN, JR.
KEITH SMITH,                               )
                                           )
                    Respondent.            )    **REPORT & RECOMMENDATION**

Introduction . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .   -2-

Facts . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .   -3-
      A.    Background facts, plea and sentence . . . . . . . . . . . . . . . . . . . . . . . . . .   -3-
      B.    Direct appeal . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .   -4-
      C.    Ohio Supreme Court . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .   -6-
      D.    Federal habeas corpus . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .   -7-

Analysis . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .   -8-
      A.    Preliminary observations . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .   -8-
      B.    Standards of review . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .   -9-
            1.    Guilty plea . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .   -9-
            2.    Procedural default . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .   -12-
            3.    Non-cognizable claims . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .   -14-
            4.    AEDPA review . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .   -15-
      C.    Application of standards . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .   -18-
            1.    Ground one – indictment failed to allege any culpable mental state – should be dismissed in part and denied in part. . . . . . . . . . . . .   -18-
            2.    Ground two – plea is invalid because Cooper was not informed of the effect of the plea – should be denied after AEDPA review. . . . .   -22-
            3.    Ground three – alleging defects in the sentence – should be dismissed as partially stating a non-cognizable state law claim and partially because the remaining issue was procedurally defaulted. . . . . .   -26-
            4.    Ground four – claiming that the trial judge was required to make factual findings to support imposition of a consecutive sentence – should be dismissed as a non-cognizable state law claim. . . . . . . . . . . . .   -29-

5.     Ground five – that Cooper was improperly subjected to Double Jeopardy when Counts 3 and 4 were not merged – should be denied on the merits after AEDPA review because the decision of the Ohio court was not an unreasonable application of clearly established federal law. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . -31-

6.     Ground six – contending that trial counsel was constitutionally ineffective – should be denied after AEDPA review because the decision of the state appeals court was not an unreasonable application of the clearly established federal law of *Strickland v. Washingon*. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . -35-

Conclusion . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . -38-

## Introduction

Before me by referral[1] is the petition of Scott Cooper for a writ of habeas corpus under 28 U.S.C. § 2254.[2] After Cooper pled guilty in 2009 to various counts arising from possession of child pornography, the Cuyahoga County Court of Common Pleas sentenced him to an aggregate prison term of 16 years.[3] He is now incarcerated at the Mansfield Correctional Institution where he serves that sentence. The State has filed a return of the writ arguing that the petition should be denied.[4] Cooper has filed a traverse.[5]

---

[1] This matter was referred to me under Local Rule 72.2 on April 18, 2011 by United States District Judge Donald C. Nugent in a non-document order.

[2] ECF # 1.

[3] ECF # 9, Attachment 1 (state court record) at 4-5.

[4] ECF # 9.

[5] ECF # 10.

For the reasons that follow, I will recommend that the petition be dismissed in part and denied in part.

## Facts

**A.  Background facts, plea and sentence**

The background facts here as found by the state appeals court[6] are relatively straightforward. As part of an investigation by the Ohio Internet Crimes Against Children Task Force, a search warrant executed at Cooper's home revealed two separate movie files of child pornography on his computer.[7] After waiving his *Miranda* rights, Cooper, as related by the prosecutor, admitted to police that he visited websites containing child pornography and downloaded videos of young children aged 5-10 being physically and sexually abused by adults.[8]

In mitigation, Cooper's wife made a statement that she separated from Cooper in 2000 when she discovered him spying on her two teenage daughters through a peephole in the attic but that she has since reconciled with him and that he is working hard to get help.[9] Defense counsel noted that the presentence report argued against recidivism since Cooper cooperated

---

[6] Facts found by the state appellate court on its review of the record are presumed correct by the federal habeas court. 28 U.S.C. § 2254(e)(1); *Brumley v. Wingard*, 269 F.3d 629, 637 (6th Cir. 2001).

[7] ECF # 9, Attachment at 101.

[8] *Id*.

[9] *Id*., at 102.

with investigators, actively participated in AA, and received counseling.[10] Cooper himself expressed remorse and claimed that he had not viewed child pornography since his computer was seized.[11]

At sentencing, the trial court commented on the seriousness of the offense and took note of Cooper's "considerable remorse."[12] The Court then sentenced Cooper to an aggregate term of 16 years in prison.[13]

**B.    Direct appeal**

Represented by different counsel than at trial, on May 15, 2009, Cooper filed a motion for delayed appeal with a notice of appeal for his conviction and sentence.[14] After the court of appeals granted his motion for delayed appeal, Cooper filed his brief raising the following eight assignments of error:

1.    Defendant was denied due process of law when he was convicted of offenses which failed to allege any culpable mental state.

2.    Defendant was denied due process of law when the court failed to inform defendant of the effect of a plea of guilty.

3.    Defendant was denied due process of law when the court sentenced defendant based upon claims of other offenses occurring on other dates.

---

[10] *Id.*

[11] *Id*.

[12] *Id*.

[13] *Id*.

[14] *Id.*, at 6-11. (Cooper was represented here by Paul Mancino, Jr. and Robert A. Ferreri. Mancino represents him in the present case.)

-4-

4. Defendant was denied due process of law when the court sentenced defendant to consecutive sentences amounting to sixteen (16) years.

5. Defendant was denied due process of law when he was sentenced to an unreasonable sentence which, in effect, constituted a cruel and unusual punishment.

6. Defendant was denied due process of law when the court imposed a consecutive sentence without findings.

7. Defendant was denied due process of law and subjected to multiple unconstitutional punishments when the court did not merge various offenses.

8. Defendant was denied effective assistance of counsel.[15]

The State filed a brief in response,[16] to which Cooper filed a reply.[17] On May 6, 2010, the court of appeals issued a decision affirming the judgment of the trial court.[18]

On May 17, 2010, Cooper filed an application for reconsideration with the Eighth District Court of Appeals.[19] The State filed a brief in opposition.[20] The court of appeals then denied the motion for reconsideration on June 8, 2010.[21]

---

[15] *Id.*, at 30.

[16] *Id.*, at 64-97.

[17] *Id.*, at 98-100.

[18] *Id.*, at 101-04.

[19] *Id.*, at 105-07.

[20] *Id.*, at 108-11.

[21] *Id.*, at 112.

C.     **Ohio Supreme Court**

On July 19, 2010, Cooper filed a timely appeal[22] to the Ohio Supreme Court.[23] In his

memorandum in support of jurisdiction, Cooper set forth the following propositions of law:

I.      A Defendant has been denied due process of law when he was convicted of offenses which failed to allege any culpable mental state.

II.     A Defendant has been denied due process of law when the court fails to inform a Defendant of the effect of a plea of guilty.

III.    A Defendant has been denied due process of law when he has been sentenced based upon claims of other offenses not charged in the indictment.

IV.     A Defendant has (sic) denied due process of law when the court sentences a Defendant to consecutive sentences amounting to sixteen (16) years.

V.      A Defendant has denied due process of law when he is sentenced to an unreasonable sentence which, in effect, constituted a cruel and unusual punishment.

VI.     A Defendant has been denied due process of law when a court imposes a consecutive sentence without findings.

VII.    A Defendant has been denied due process of law and subjected to unconstitutional multiple punishments when the court fails to merge similar offenses.

VIII.   A Defendant has been denied effective assistance of counsel where counsel fails to render adequate legal assistance.[24]

_____

[22] Ohio Supreme Court Rule of Practice 2.2(A)(1)(a) provides that an appeal must be filed within 45 days of the judgment being appealed.

[23] ECF # 9, Attachment at 113-14.

[24] *Id.*, at 116.

The State waived filing of a memorandum in response. On January 25, 2011, the Ohio Supreme Court affirmed the judgment of the appellate court.[25]

## D.     Federal habeas corpus

On April 8, 2011, Cooper through counsel, filed the instant petition. He raises six grounds for relief:

**Ground One**: Fourteenth Amendment

Supporting Facts: Petitioner was charged with various offenses, several of the offenses were based on an indictment which failed to allege any culpable mental state thus omitting an essential element of the offense.

**Ground Two**: Fourteenth Amendment

Supporting Facts: Petitioner was denied due process of law when the court in accepting a plea of guilty fails to determine from the defendant his knowledge of the effect of the plea of guilty.

**Ground Three**: Fourteenth Amendment and Eighth Amendment

Supporting Facts: Petitioner was denied due process of law and subjected to a cruel and unusual punishment when his sentence was based upon claims of offenses not alleged in the indictment nor admitted by the defendant. Moreover defendant was sentenced to consecutive sentences amounting to sixteen (16) years which was an unreasonable sentence and constituted a cruel and unusual punishment.

**Ground Four**: Sixth and Fourteenth Amendment

Supporting Facts: Petitioner was denied due process of law when the court imposed a consecutive sentence without making any required findings to justify a consecutive sentence.

---

[25] *Id.*, at 150.

**Ground Five**: Fifth and Fourteenth Amendment

Supporting Facts: Petitioner was denied due process of law and subjected to unconstitutional multiple punishments when the trial court failed to merge similar offenses into a single offense.

**Ground Six**: Sixth Amendment

Supporting Facts: Petitioner was denied effective assistance of counsel where counsel failed to render adequate legal assistance which prejudiced petitioner.[26]

# Analysis

A. **Preliminary observations**

Before proceeding further, I make the following preliminary observations;

1.  There is no dispute that Cooper is currently in state custody as a result of his conviction and sentence by an Ohio court, and was so incarcerated at the time he filed this petition. Thus, Cooper meets the "in custody" requirement of the federal habeas statute vesting this Court with jurisdiction over the petition.[27]

2.  There is also no dispute, as detailed earlier, that the petition here was timely filed under the applicable statute.[28]

3.  In addition, Cooper states,[29] and my own review of the docket in this Court confirms, that this is not a second or successive petition for federal habeas relief as to this conviction and sentence.[30]

---

[26] ECF # 1 at 4-5.

[27] 28 U.S.C. § 2254(a); *Ward v. Knoblock*, 738 F.2d 134, 138 (6th Cir. 1984).

[28] 28 U.S.C. § 2254(d)(1); *Bronaugh v. Ohio*, 235 F.3d 280, 283-84 (6th Cir. 2000).

[29] ECF # 1 at 7.

[30] 28 U.S.C. § 2254(b); *In re Bowen*, 436 F.3d 699, 704 (6th Cir. 2006).

4.    Moreover, it appears, subject to the argument presented by the State, that these claims have been totally exhausted in Ohio courts by virtue of having been presented through one full round of Ohio's established appellate review procedure.[31]

5.    Finally, because Cooper is represented by counsel, he has not requested the appointment of counsel.[32] He has not requested an evidentiary hearing to develop the factual bases of his claims.[33]

## B.   Standards of review

### 1.   *Guilty plea*

As the United States Supreme Court restated in *Bradshaw v. Stumpf*,[34] a guilty plea operates as a waiver of important rights, and is valid only if done, voluntarily, knowingly, and intelligently, "'with sufficient awareness of the relevant circumstances and the likely consequences.'"[35] A plea is a solemn declaration of guilt by the defendant that carries with it a presumption of truthfulness.[36] Accordingly, the plea is "more than a confession which admits that the accused did various acts,"[37] it is also an "admission that [the defendant]

---

[31] 28 U.S.C. § 2254(b); *Rhines v. Weber*, 544 U.S. 269, 274 (2005); *O'Sullivan v. Boerckel*, 526 U.S. 838, 842 (1999).

[32] 28 U.S.C. § 2254(h); Rule 8(c), Rules Governing 2254 Cases.

[33] *See*, ECF # 11 at 2; 28 U.S.C. § 2254(e)(2).

[34] *Bradshaw v. Stumpf*, 545 U.S. 175 (2005).

[35] *Id.* at 183 (quoting *Brady v. United States*, 397 U.S. 742, 748 (1970)).

[36] *Blackledge v. Allison*, 431 U.S. 63, 74 (1977).

[37] *Boykin v. Alabama*, 395 U.S. 238, 242 (1969).

committed the crime charged against him."[38] In entering the plea, the defendant "stands as a witness against himself" as to admitting to past conduct and is the defendant's "consent that [a] judgment of conviction may be entered without a trial."[39]

Having entered a valid plea, the defendant may not challenge antecedent defects in the proceedings.[40] Therefore, a defendant who has entered a valid guilty plea at trial and who later seeks to collaterally attack his conviction by means of a petition for federal habeas relief is limited to raising only the issue of whether his plea was entered knowingly and voluntarily.[41]

As concerns the form of the waiver of rights, courts are clear that no precise litany of rights waived is required, but rather the record should reflect a full understanding of the direct consequences of the plea so that the plea represents a voluntary and intelligent choice among the alternatives.[42]

---

[38] *North Carolina v. Alford*, 400 U.S. 25, 32 (1970). Indeed, a valid plea, as the Supreme Court observed in *Boykin*, "serves as a stipulation that no proof by the prosecution need be advanced.... It supplies both evidence and verdict, ending controversy." *Boykin*, 395 U.S. at 242 n.4 (internal quotation marks and citation omitted).

[39] *Brady v. United States*, 397 U.S. 742, 748 (1970) (citations omitted).

[40] *Tollett v. Henderson*, 411 U.S. 258, 266-67 (1973).

[41] *United States v. Broce*, 488 U.S. 563 (1989).

[42] *Alford*, 400 U.S. at 31.

-10-

In that regard, while the court taking the defendant's plea is responsible for ensuring "a record adequate for any review that may later be sought,"[43] the Supreme Court emphasized in *Stumpf* that it has "never held that the judge must himself explain the elements of each charge to the defendant on the record."[44] Rather, *Stumpf* teaches that "the constitutional prerequisites of a valid plea may be satisfied where the record accurately reflects that the nature of the charge and the elements of the crime were explained to the defendant by his own, competent counsel."[45] Thus, where the defendant is represented by competent counsel, the court may usually rely on that counsel's assurance that the defendant has been properly informed of the nature and elements of the crime to which he is pleading guilty.[46]

For a valid plea, a defendant must not only understand the nature of the charge and the elements of the crime, but he must also be aware of the "relevant circumstances and likely consequences" of his plea.[47] Thus, when the defendant is fully aware of the direct consequences of the plea, including the actual value of any commitments made to him by the court, the prosecutor, or by his own counsel, the plea must stand unless induced by threats, misrepresentation, or by promises that are by their nature improper, such as bribes.[48]

---

[43] *Boykin,* 395 U.S. at 244.

[44] *Stumpf*, 545 U.S. at 183.

[45] *Id.* (citation omitted).

[46] *Id.*

[47] *Brady*, 397 U.S. at 748.

[48] *Id.* at 755 (citation omitted).

-11-

### 2.    *Procedural default*

Under the doctrine of procedural default, the federal habeas court is precluded from reviewing a claim for relief if the petitioner failed to obtain consideration of that claim on its merits in state court, either because the petitioner failed to raise it when state remedies were still available or due to some other violation of a state procedural rule.[49]

When a violation of a state procedural rule is alleged as the basis for the default, the Sixth Circuit has long-employed a four-part test to determine if the claim is procedurally defaulted in a federal habeas proceeding:

(1)    Does a state procedural rule exist that applies to the petitioner's claim?

(2)    Did the petitioner fail to comply with that rule?

(3)    Did the state court rely on that failure as the basis for its refusal to address the merits of the petitioner's claim?

(4)    Is the state rule violated by the petitioner an adequate and independent state law basis for barring the federal court from considering the claim?[50]

In addition to establishing these elements, the state procedural rule must be shown to be (a) firmly established, and (b) regularly followed before the federal habeas court will decline to review an allegedly procedurally defaulted claim.[51]

---

[49] *Lundgren v. Mitchell*, 440 F.3d 754, 763 (6th Cir. 2006).

[50] *Morales v. Mitchell*, 507 F.3d 916, 937 (6th Cir. 2007) (citation omitted).

[51] *Smith v. Ohio Dep't of Rehab. & Corrs.*, 463 F.3d 426, 431 (6th Cir. 2006) (citations omitted).

If a procedural default is established, the default may be overcome if: (1) the petitioner can show cause for the default and actual prejudice from the court's failure to address the alleged constitutional violation, or (2) that a lack of review of the claim's merits will result in a fundamental miscarriage of justice.[52] In addition, procedural default may also be excused by a showing of actual innocence.[53]

To establish "cause" for the default, a petitioner must generally show that some objective factor, something external to himself, precluded him from complying with the state procedural rule.[54] Demonstrating "prejudice" requires the petitioner to show that the alleged constitutional error worked to his actual and substantial disadvantage, infecting the entire proceeding with error of a constitutional dimension.[55] There can be no prejudice if the petitioner cannot show a reasonable probability of a different outcome at trial.[56]

Notwithstanding these elements, the Supreme Court has held that federal habeas courts are not required to consider an assertion of procedural default before deciding a claim against the petitioner on the merits.[57] In that regard, the Sixth Circuit has stated that a federal habeas court may bypass an issue of procedural default when that issue presents complicated

---

[52] *Hicks v. Straub*, 377 F.3d 538, 552 (6th Cir. 2004) (citations omitted).

[53] *Id.*

[54] *Coleman v. Thompson*, 501 U.S. 722, 753 (1991).

[55] *United States v. Frady*, 456 U.S. 152, 170 (1982).

[56] *Mason v. Mitchell*, 320 F.3d 604, 629 (6th Cir. 2003).

[57] *Lambrix v. Singletary*, 520 U.S. 518, 525 (1997).

-13-

questions of state law and addressing it is unnecessary to resolving the claim against the petitioner on the merits.[58]

### 3.      Non-cognizable claims

The federal habeas statute, by its own terms, restricts the writ to state prisoners in custody in violation of federal law.[59] Accordingly, to the extent a petitioner claims that his custody is a violation of state law, the petitioner has failed to state a claim upon which federal habeas relief may be granted.[60] In such circumstances, a claim for federal habeas relief based solely on the ground of purported violation of state law is properly dismissed by the federal habeas court as non-cognizable.[61]

But, a claimed error of state law may nevertheless serve as the basis for federal habeas relief if such error resulted in the petitioner being denied "fundamental fairness" at trial.[62] The Supreme Court has made clear that it defines "very narrowly" the category of infractions that violate the "fundamental fairness" of a trial.[63] Specifically, such violations are restricted

---

[58] *Hudson v. Jones*, 351 F.3d 212, 215-16 (6th Cir. 2003).

[59] 28 U.S.C. § 2254(a).

[60] *Lewis v. Jeffers*, 497 U.S. 764, 780 (1990).

[61] *Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991); *Bey v. Bagley*, 500 F.3d 514, 519 (6th Cir. 2007).

[62] *Estelle*, 502 U.S. at 67-68.

[63] *Bey*, 500 F.3d at 522, quoting *Dowling v. United States*, 493 U.S. 342, 352 (1990).

-14-

to offenses against "'some principle of justice so rooted in the traditions and conscience of our people as to be ranked as fundamental.'"[64]

The petitioner bears the burden of showing that a principle of fundamental fairness was violated.[65] In so doing, the federal habeas court must follow the rulings of the state's highest court with respect to state law[66] and may not second-guess a state court's interpretation of its own procedural rules.[67] Further, while, in general, distinct constitutional claims of trial error may not be cumulated to grant habeas relief,[68] the Sixth Circuit has recognized that "'[e]rrors that might not be so prejudicial as to amount to a deprivation of due process when considered alone, may cumulatively produce a trial setting that is fundamentally unfair.'"[69]

## 4.    *AEDPA review*

Where a state court adjudicated the merits of a claim now asserted in a federal habeas petition, the controlling federal statute is plain that the federal habeas court may use that claim as a basis for granting the writ only if the state decision was either contrary to clearly

---

[64] *Id.* at 521, quoting *Montana v. Egelhoff*, 518 U.S. 37, 43 (1996).

[65] *Id.*

[66] *Wainwright v. Goode*, 464 U.S. 78, 84 (1983).

[67] *Allen v. Morris*, 845 F.2d 610, 614 (6th Cir. 1988).

[68] *Williams v. Anderson*, 460 F.3d 789, 816 (6th Cir. 2006).

[69] *Gillard v. Mitchell*, 445 F.3d 883, 898 (6th Cir. 2006), quoting *Walker v. Engle*, 703 F.2d 959, 963 (6th Cir. 1983).

-15-

established federal law as determined by the United States Supreme Court or was an unreasonable application of that law.[70]

In applying that statute, a federal habeas court is guided by the well-known teachings of *Williams v. Taylor*.[71] As stated by the United States Supreme Court in *Williams*, a decision is "contrary to" clearly established federal law if "the state court arrives at a conclusion opposite to that reached by this Court on a question of law or if the state court decides a case differently than this Court has on a set of materially indistinguishable facts."[72] *Williams* further holds that a state court decision is an "unreasonable application" of clearly established federal law if "the state court identifies the correct governing legal principle from this Court's decisions but unreasonably applies that principle to the facts of the prisoner's case."[73]

Moreover, a federal court may not find that a state court unreasonably applied clearly established federal law simply because the habeas court "concludes on its independent judgment that the relevant state court decision applied clearly established federal law

---

[70] 28 U.S.C. § 2254(d).

[71] *Williams v. Taylor*, 529 U.S. 362 (2000).

[72] *Id.* at 412. *Accord*, *Broom v. Mitchell*, 441 F.3d 392, 398 (6th Cir. 2006).

[73] *Williams*, 529 U.S. at 413; *Broom*, 441 F.3d at 398.

-16-

erroneously or incorrectly."[74] Rather, the state court holding may be disturbed only upon showing that it was "objectively unreasonable."[75]

The Supreme Court teaches that this "objectively unreasonable" standard is "difficult to meet,"[76] and "highly deferential" to the decision of the state court.[77] As the Supreme Court explained, "[a] state court's determination that a claim lacks merit precludes federal habeas relief so long as 'fairminded jurists could disagree' on the correctness of the state court's decision."[78] Or, stated differently, a writ will issue only upon a showing that the state court's ruling "was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement."[79]

In addition, a state court may be found to have unreasonably applied clearly established federal law if it unreasonably extends or unreasonably fails to extend a clearly established federal legal principle to a new context.[80]

---

[74] *Williams*, 529 U.S. at 411.

[75] *Id.* at 409.

[76] *Harrington v. Richter*, __ U.S.__, 131 S. Ct. 770, 786 (2011).

[77] *Woodford v. Visciotti*, 537 U.S. 19, 24 (2002).

[78] *Harrington*, 131 S. Ct. at 786.

[79] *Id.* at 786-87.

[80] *Williams*, 529 U.S. at 405-07. *Accord*, *Lancaster v. Adams*, 324 F.3d 423, 429 (6th Cir. 2003).

-17-

Finally, where a state court does not address the merits of a federal claim properly presented to it, "the deference due [a state court decision by the federal habeas court] under the AEDPA does not apply."[81] Then, the federal court is to review the claim *de novo*.[82]

As the Supreme Court emphasized in *Harrington v. Richter*, since a state court is not required to state its reasons or explain its conclusion when it adjudicates a federal claim in the merits, when a federal claim was presented to the state court and then denied without any statement of reasons or explanation for the decision, "it may be presumed that the state court adjudicated the [federal] claim on the merits in the absence of any indication or state-law procedural principles to the contrary."[83] In such circumstances, the decision of the state court would be entitled to deference from the federal habeas court.[84]

## C.    Application of standards

### 1.    *Ground one – indictment failed to allege any culpable mental state – should be dismissed in part and denied in part.*

As noted earlier, if a defendant has entered a valid guilty plea at trial, he may not then challenge any "antecedent defects" in his criminal proceeding in a later petition for federal habeas relief. The only issue he may raise in the habeas petition is whether the plea was valid.

---

[81] *Maples v. Stegall*, 340 F.3d 433, 436 (6th Cir. 2003).

[82] *Id.*

[83] *Harrington*, 131 S. Ct. at 784-85; *Brown v. Bobby*, 656 F.3d 325, 328-29 (6th Cir. 2011).

[84] *Brown*, 656 F.3d at 329.

-18-

Here, Cooper contends in ground one that his plea is invalid because it was not knowing. His factual premise for the claim is that "[n]owhere in the indictment was any culpable mental state alleged."[85] Thus, he contends, if a *mens rea* element of the crimes was required[86] but not alleged in the indictment, "it follows that a petitioner could not have entered a knowing, voluntary and intelligent plea."[87]

As the State argues, Cooper waived any claim of a defect in the indictment when he entered his guilty plea.[88] But, because Cooper has framed this claim as an attack on the knowing nature of the plea, some further analysis of the claim is required.

The indictment in this case very specifically identifies the relevant subsections of Ohio Revised Code § 2907.322 applicable to each count of the indictment. Counts One and Two arise out of alleged violations of subsection (A)(2),[89] while Counts Three and Four are grounded on purported violations of subsection (A)(1).[90] Moreover, the language of each count incorporates the same words employed in the applicable subsection of the statute.

In Counts One and Two, as with subsection (A)(2) of the statute, Cooper was alleged to "unlawfully ... with knowledge of the character of the performance involved, sell,

---

[85] ECF # 10 at 5.

[86] Cooper is unclear in the traverse as to whether he believes that *mens rea* was actually required for the particular offenses at issue. *See*, *id.* at 5.

[87] *Id.* at 5-6.

[88] ECF # 8 at 9.

[89] ECF # 9, Attachment at 1.

[90] *Id.*, at 2.

-19-

distribute, transport, disseminate, exhibit, or display any material that shows a minor participating or engaging in sexual activity, masturbation, or bestiality, in violation of Section 2907.322 of the [Ohio] Revised Code."[91] Similarly, in Counts Three and Four, the language of the indictment is taken from the particular portion of the statute specified in the indictment, and charges that Cooper "unlawfully did, with knowledge of the character of the material or performance involved, create, record, photograph, film, develop, reproduce, or publish any material that shows a minor participating or engaging in sexual activity, masturbation, or bestiality in violation of Section 2907.322 of the [Ohio] Revised Code."[92]

As the Ohio appeals court observed in *State v. Turner*,[93] a 2008 decision involving a similar claim arising from an indictment involving the same statute,[94] the statute here contains an initial *mens rea* requirement that the accused knew of the character of the performance at issue, and then the statute imposes strict liability for doing the various, specific prohibited acts.[95] As *Turner* explained, there is a *mens rea* requirement, created in the opening language of section (A), "that the defendant knew of the character of the performance at issue."[96] That said, the *Turner* court continued, the applicable subsections of

---

[91] *Id.*, at 1 (emphasis added).

[92] *Id.*, at 2 (emphasis added).

[93] *State v. Turner*, No. 22777, 2008 WL 5381956 (Ohio Ct. App. Dec. 24, 2008).

[94] *Turner* was also the cited authority employed by the Ohio appellate court here when it denied this claim. *See*, ECF # 9, Attachment at 102.

[95] *Turner*, 2008 WL 5381956, at *6.

[96] *Id.*

-20-

the statute[97] then "also impose strict liability, and, therefore, do not require a culpable mental state."[98] Thus, *Turner* rejected the claim of the indictment's defect for not including a culpable mental state, concluding:

> In light of [the Ohio State Supreme Court's holding in *State v.*] *Maxwell*,[99] there was no error in the indictment in the present case. The element of 'knowledge' is already contained in [the first part of the statute], and the rest of the alleged violations are based on strict liability, which requires no culpable state.[100]

The conclusions and reasoning of *Turner*, directly applied to Cooper by the state appeals court, establish that, as a matter of Ohio law, the indictment was not defective in its formulation of the charges because it accurately reflected the fact that the statute here contains different degrees of mental culpability for different elements of the crimes alleged. That decision, which involves a state court's determination of state law, is not reviewable here.[101] Moreover, if the indictment was not deficient, there is no basis for finding that it was a flawed indictment that undermines the knowing nature of the guilty plea. And thus, if Cooper's plea is valid, it serves to preclude any challenge to "antecedent defects" in his criminal case.

---

[97] In *Turner* those subsections were (1) and (3) of Ohio Rev. Code § 2907.322(A). Here, the relevant subsections, as noted, are (1) and (2).

[98] *Turner*, 2008 WL 5381956, at *6.

[99] *State v. Maxwell*, 95 Ohio St. 3d 254, 258, 767 N.E.2d 242, 246 (2002).

[100] *Turner*, 2008 WL 5381956, at *6.

[101] *See*, *Estelle*, 502 U.S. at 68.

Accordingly, for the reasons stated, ground one should be dismissed insofar as it constitutes a challenge to the Ohio court's finding that the indictment in this case was not deficient for failing to state a culpable mental state and denying ground one to the extent that it involves a challenge to the knowing nature of Cooper's plea of guilty.

**2.      *Ground two – plea is invalid because Cooper was not informed of the effect of the plea – should be denied after AEDPA review.***

In his second ground for relief, Cooper maintains that his Fourteenth Amendment due process rights were violated when the trial court accepted his guilty plea without advising him of the effect of such a plea.[102] In particular, Cooper contends that "[w]hile the trial court explained the penalties for the offenses and certain constitutional rights the petitioner would be waiving by entering a plea of guilty[,] the court did not inform defendant [sic] of the effect of a guilty plea."[103]

The Ohio appeals court addressed this claim in the appeal after the original conviction and sentence.[104] The court noted that Cooper had entered the guilty plea without asserting actual innocence.[105] In such circumstances, the court observed, the defendant is presumed to understand that he has completely admitted his guilt, and a court's failure to inform the defendant of the effect of his plea is "presumed not to be prejudicial."[106] The court further

---

[102] ECF # 10 at 9.

[103] *Id.* at 10.

[104] ECF # 9, Attachment at 102.

[105] *Id.*

[106] *Id.* (internal quotation and citation omitted).

found that the record "reflects that Cooper understood the rights he would waive by pleading guilty, he never claimed actual innocence, and he indicated his understanding of the maximum sentences that could be imposed."[107]

A review of the sentencing proceeding shows that the trial judge explicitly and on the record covered the effects of the plea by: (a) describing the range of jail time and fines applicable to each crime;[108] (b) reviewing the effects of being put on community controlled sanctions and the result of any violation of those sanctions;[109] (c) discussing the defendant's responsibilities when he is on post-release control;[110] and (d) extensively detailing the effects of having to register as a sex offender, such as (i) the frequency of registration,[111] (ii) the consequences of not complying with the registration requirement,[112] (iii) the requirement as to where he might live in relation to a school or playground or in certain communities, and the consequences of violating any of these provisions.[113]

The sentencing court was especially cognizant that the legislation on sex offender registration "is very new, and specifically the community notification provisions are being

---

[107] *Id.*

[108] *Id.*, at 159-60.

[109] *Id.*, at 160.

[110] *Id.*, at 160-61.

[111] *Id.*, at 161-62.

[112] *Id.*, at 162.

[113] *Id.*, at 162-65.

reviewed as we speak."[114] The judge, therefore, directly advised Cooper that "[w]e'll have that (*i.e.*, the exact provisions of the sex offender registry law) verified before your sentencing, but before you make your decision to change your plea."[115]

The court then asked Cooper if he had been threatened or promised anything in order to induce his change of plea.[116] Upon being assured by Cooper that he had not, the trial court took the guilty plea.[117] The trial court then asked both counsel if they were satisfied that the plea colloquy met the requirements of Ohio Criminal Rule 11, which at subsection (C)(2)(b) requires the sentencing court to "determin[e] that the defendant understands the effect of a plea of guilty ..."[118] Both the prosecutor and defense counsel responded that they were satisfied with Rule 11 compliance.[119]

Although Cooper made the same claim to the state appeals court as he now does as ground two of his habeas petition,[120] in that he maintains that the trial court "did not inform the defendant of the effect of a plea of guilty,"[121] the state court did not directly address this

---

[114] *Id.*, at 165.

[115] *Id.*

[116] *Id.*, at 166.

[117] *Id.*, at 166-67.

[118] *Id.*, at 167.

[119] *Id.*

[120] Indeed, his brief on appeal and his traverse are virtually identical on this claim.

[121] ECF # 10 at 10 (traverse); ECF # 9, Attachment at 44 (appellate brief).

allegation about the trial court's actions, but rather denied relief on the grounds that even if the trial court had not informed Cooper of the effects of his plea, such a defect would be presumed under state law to have not prejudiced him under the circumstances.[122]

Where the state court denied a fairly presented federal ground without directly addressing it, the Sixth Circuit until recently has taught that the reviewing federal habeas court must consider the ground under a modified version of AEDPA deference that accords the final denial some measure of deference, but requires the federal court to review the claim *de novo*.[123] But, since the Supreme Court's recent decision in *Harrington*,[124] subsequent Sixth Circuit jurisprudence teaches – without explicitly revoking the rubric on modified deference – that *Richter* requires that the state court decision in such situations be afforded full AEDPA deference.[125]

Here, under either the full deference standard or the previous lesser modified deference framework, the decision of the state court was not an unreasonable application of the clearly established federal law on the need to inform a defendant of the consequences of a guilty plea. As the foregoing examination of the plea colloquy establishes, the trial court here carefully presented Cooper with an extensive review of the consequences of his guilty plea.

---

[122] ECF # 9, Attachment at 102.

[123] *See*, *Garcia v. Andrews*, 488 F.3d 370, 374 (6th Cir. 2007).

[124] *Harrington*, 131 S. Ct. 770.

[125] *See*, *Brown*, 656 F.3d at 329.

Cooper has not alleged any specific consequence of his plea not addressed but simply raises a general claim that the trial court was totally deficient in this regard – a claim factually at odds with the record set forth above. Further, the trial judge directly asked counsel for both the defense and the prosecution if the court's plea colloquy adequately complied with the mandates of Rule 11, which, as noted, requires that the defendant be informed of the consequences of the plea. Defense counsel affirmed that it did. As such, given Ohio's contemporaneous objection rule,[126] Cooper's failure to raise an issue at the time of the colloquy as to any deficiencies in the court's presentation waives the matter for later review.[127]

Accordingly, for the foregoing reasons, ground two should be denied.

### 3.  *Ground three – alleging defects in the sentence – should be dismissed as partially stating a non-cognizable state law claim and partially because the remaining issue was procedurally defaulted.*

In the third ground for habeas relief, Cooper raises two separate arguments: (1) that he was denied due process and subject to cruel and unusual punishment when he was sentenced based on conduct not alleged in the indictment nor admitted by him, and (2) that the consecutive sentence amounting to sixteen years in prison was unreasonable and constituted cruel and unusual punishment.[128]

---

[126] *State v. Childs*, 14 Ohio St. 2d 56, 236 N.E.2d 545 (1968) (¶ 3 of the syllabus).

[127] *Wogenstahl v. Mitchell*, 668 F.3d 307, 335 (6th Cir. 2012). I also note that Cooper never raised the issue of a failure to object to the plea colloquy in his various claims of ineffective assistance of counsel, either here or before the Ohio courts.

[128] ECF # 1 at 4.

As to the first element of this ground, the State, in its return of the writ, maintains that Ohio law permits a sentencing court to consider a defendant's uncharged, yet undisputed conduct, provided that such conduct is not the sole basis for the sentence.[129] Thus, because the Ohio court here was applying purely state law, the State argues that any habeas claim arising from this action is not cognizable.[130]

In response to the argument that the consecutive sentence is both unreasonable and constituted an Eighth Amendment violation, the State asserts that this issue was procedurally defaulted when Cooper did not raise it at the time his sentence was imposed.[131] Citing Ohio's contemporaneous objection rule, the State maintains that this rule is the stated reason the Ohio appeals court refused to review this claim on the merits and that such refusal by the state court now bars consideration of the claim here.[132]

Cooper contends, contrary to the States's position, that any consideration by the sentencing judge of matters not alleged in the indictment nor admitted by the defendant is not purely an issue of state law but violates the Supreme Court's holding in *Blakely*.[133] *Blakely* holds that any fact, other than a prior conviction, which increases the penalty for an offense

---

[129] ECF # 8 at 13-14.

[130] *Id.*

[131] *Id.* at 17.

[132] *Id.*

[133] *Blakely v. Washington*, 542 U.S. 296 (2004).

beyond the statutory maximum, must be submitted to a jury and proved beyond a reasonable doubt.[134]

Here, however, Cooper's sentence was within the statutory range – even, as the appellate court observed, well below the maximum sentence permitted.[135] Cooper was sentenced to an aggregate sentence of 16 years, when he faced a potential maximum sentence of 36 years.[136] As such, and as the appellate opinion stated, the sentence imposed was within the permissible statutory range[137] and does not implicate *Blakely*.

Recently, the Supreme Court has again clarified the controlling law as to when a jury must find facts used for sentencing. In *Alleyne v. United States*,[138] the Court stated that any fact that increases the mandatory minimum sentence for a crime is an element of the crime, not a sentencing factor, and so must be submitted to a jury.[139] But the Court also stated that facts that increase a crime's mandatory minimum sentence, and so involve the Sixth Amendment's right to trial by jury, are "distinct from factfinding used to guide judicial discretion in selecting a punishment within the limits fixed by law."[140] While such judicial

---

[134] *Id.* at 301.

[135] ECF # 9, Attachment at 102.

[136] *Id.*

[137] *Id.*

[138] *Alleyne v. United States*, __ U.S. __, 133 S. Ct. 2151 (2013).

[139] *Id*. at 2155.

[140] *Id*. at 2161 n.2 (citation and internal quotation omitted).

factfinding "may lead judges to select sentences that are more severe than they would have selected without those facts," the Court emphasized that "the Sixth Amendment does not govern that element of sentencing."[141] To the extent that it otherwise objects to the sentencing court's fashioning of a sentence within the statutory range, ground three should be dismissed as a non-cognizable question of state law.

Finally, as to the issue of the unreasonableness of consecutive sentences, or their alleged violation of the Eighth Amendment, this element of ground three should be dismissed as procedurally defaulted because, as the state appeals court noted, Cooper did not raise this issue at sentencing as required under Ohio's contemporaneous objection rule.

**4.      Ground four – claiming that the trial judge was required to make factual findings to support imposition of a consecutive sentence – should be dismissed as a non-cognizable state law claim.**

In this ground for relief, Cooper contends that he was denied due process when the court imposed consecutive sentences without making any required findings of fact to support that decision.[142] He had asserted to the Ohio courts that separate factual findings are mandated as an extension of the Supreme Court's holding in *Oregon v. Ice*.[143]

---

[141] *Id.* (internal citation omitted).

[142] ECF # 1 at 4.

[143] *Oregon v. Ice*, 555 U.S. 160 (2009).

The Ohio appeals court denied this claim, noting that, since *State v. Foster*,[144] Ohio courts have not been required to make any additional factual findings as a predicate to imposing consecutive sentences.[145]

As the State observes, subsequent to the appeals court decision in this case, the Supreme Court of Ohio clarified the point made by the appeals court here – that *Ice* did not implicitly revive Ohio's former requirement of judicial factfinding before the imposition of consecutive sentences.[146] Although the General Assembly has since amended the statute to re-impose the requirement of separate factfinding before imposing consecutive sentences,[147] the net result is that, as United State Magistrate Judge Limbert noted in *Robinson v. Gansheimer*,[148] a claim such as Cooper's is really a state law matter.[149] Specifically, as Magistrate Judge Limbert reasoned, since *Ice* held that it is the state legislatures that determine the procedure for administering consecutive sentences, and *Hodge* held that, absent a new directive from the General Assembly, trial courts in Ohio are free to impose consecutive sentences without judicial factfinding, it is then purely a question of state law

---

[144] *State v. Foster*, 109 Ohio St. 3d 1, 845 N.E.2d 470 (2006), abrogated by *Oregon*, 555 U.S. 160.

[145] ECF # 9, Attachment at 103.

[146] *State v. Hodge*, 128 Ohio St. 3d 1, 941 N.E.2d 768 (2010).

[147] *See*, Ohio Rev. Code § 2929.14(C)(4), which took effect September 30, 2011.

[148] *Robinson v. Gansheimer*, No. 1:10CV1816, 2012 WL 462963 (N.D. Ohio Jan. 19, 2012) (Limbert, M.J.).

[149] *Id.*, at *7.

whether common pleas judges have the authority to impose consecutive sentences with or without additional factfinding.[150]

Magistrate Judge Limbert's analysis of the law and its consequences is persuasive and, thus, Cooper's fourth ground for relief should be dismissed as stating purely a non-cognizable state law issue.

**5.** ***Ground five – that Cooper was improperly subjected to Double Jeopardy when Counts 3 and 4 were not merged – should be denied on the merits after AEDPA review because the decision of the Ohio court was not an unreasonable application of clearly established federal law.***

Cooper appears to expand ground five in his traverse from what he alleged in the petition and from what he presented to the Ohio courts. The precise argument made to the state court on appeal was that grounds three and four should have been merged because (1) the alleged offense in each count occurred on the same date, and (2) without merger he was subject to two convictions for an occurrence that happened on the same date.[151] This constituted "unconstitutional multiple punishment."[152]

In the present habeas action, however, he appears to extend his double jeopardy argument to now also include a claim that the receipt of child pornography is the same offense as possessing child pornography, thus requiring a merger "of similar offenses into

---

[150] *Id.* (internal citation and quotation omitted)

[151] ECF # 9, Attachment at 53.

[152] *Id.*

a single offense.[153] As spelled out in greater detail in the traverse, he seems to suggest[154] that Counts 1 and 2 of the indictment, which allege violations of § 2907.322(A)(2), which prohibits the selling, displaying or disseminating of child pornography, should have merged with Counts 3 and 4, which are based on § 2907.322(A)(1), which bans the creating, reproducing, or recording of child pornography.[155]

A habeas petitioner must present the same claim on the same theory to the federal habeas court as he advanced to the state court.[156] Failure to do so constitutes a lack of complete exhaustion, since it denies the state court a full and fair opportunity to rule on the entirety of the petitioner's claim before he seeks relief in the federal court.[157] But if the state court would now bar presentation of the new claim, such as here under Ohio's *res judicata* rubric,[158] then "there is a procedural default for purposes of federal habeas...."[159] Therefore, to the degree Cooper now seeks to have this ground for habeas relief involve an expanded

---

[153] ECF # 1 at 5; ECF # 10 at 13.

[154] *See*, *id*. ("It would appear that ... these offenses [in all four counts] should merge in order not to present multiple punishments.")

[155] ECF # 10 at 13-14.

[156] *Pillette v. Foltz,* 824 F.2d 494, 496 (6th Cir. 1987).

[157] *O'Sullivan*, 526 U.S. at 842.

[158] *See*, *Hanna v. Ishee*, 694 F.3d 596, 614 (6th Cir. 2012) (citations omitted) (Ohio *res judicata* rule holds that a defendant may not raise a claim in a post-conviction petition that could have been raised at trial or on direct appeal). This rule is acknowledged to be an adequate and independent state law ground for barring federal habeas review. *Durr v. Mitchell*, 487 F.3d 423, 432 (6th Cir. 2007).

[159] *Coleman*, 501 U.S. at 735 n.1 (citation omitted).

-32-

double jeopardy claim from the exact one presented to the Ohio courts, such an expanded claim should be dismissed as procedurally defaulted.

In considering, then, only the claim actually advanced to the Ohio appeals court, the state appeals court began its analysis by noting that Counts 3 and 4 both charge Cooper with creating, recording, or reproducing sexually oriented matter involving a minor, with both offenses alleged to have occurred on August 26, 2008.[160] The court agreed with Cooper that both offenses were allied offenses of similar import, as that term is understood in Ohio law, and which is a predicate finding to merging the counts.[161] But, the court also found that the two offenses were distinct because, under Ohio law, a separate animus exists, justifying a separate charge, every time a separate file is downloaded or saved.[162] "Because Cooper downloaded and saved two separate files," the court concluded, "he could be sentenced for both charges."[163]

As the State now notes, each of the four counts are separate offenses that relate to the two pornographic films at issue. Downloading each movie is "reproducing" child pornography in violation of § 2907.322(A)(1) and as charged in Counts 3 and 4, while putting those files in a position where they could be viewed by others over the Internet was

---

[160] ECF # 9, Attachment at 103.

[161] *Id.*, at 104.

[162] *Id.*

[163] *Id.*

"exhibiting" or "displaying" child pornography in violation of § 2907.322(A)(2) and as alleged in Counts 1 and 2.

Here, Cooper alleges that he was placed in double jeopardy by improper multiple prosecutions for the same offense. It is well-established that the Double Jeopardy Clause prohibits multiple punishments for the same offense.[164] As the Supreme Court teaches in *Ohio v. Johnson*, the Double Jeopardy protection against cumulative punishments is designed to ensure that the sentencing power of courts is kept within the limits established by legislatures.[165] Because, *Johnson* explained, the substantive power to "prescribe crimes and determine punishments" is legislative, "the question under the Double Jeopardy Clause [of] whether punishments are 'multiple' is essentially one of legislative intent."[166] Indeed, as *Johnson* further noted, although the well-known test established in *Blockburger v. United States*[167] "usually" establishes whether the crimes involved are separate and whether cumulative punishments may be imposed, if it is clear that the legislature intended to authorize cumulative punishments, "the court's inquiry is at an end."[168]

Here, the Ohio legislature has provided in Ohio Revised Code Section § 2941.25(B) that, even when offenses are of similar import under subsection (A) of this section, separate

---

[164] *Ohio v. Johnson*, 467 U.S. 493, 498-99 (1984).

[165] *Id.* at 499.

[166] *Id.*

[167] *Blockburger v. United States*, 284 U.S. 299 (1932).

[168] *Johnson*, 467 U.S. at 499 n.8.

convictions are permitted where there is proof that the offenses were (1) committed separately, or (2) committed with a separate animus as to each. As the appeals court then further observed, separate animus, such as will support a separate conviction, exists for each "image or file [that] is downloaded or saved."[169]

Thus, since the Ohio legislature has authorized separate convictions, and so the imposition of cumulative punishments, upon a finding that a separate animus existed as to the saving or downloading of each of Cooper's two pornographic files, the clearly established federal law articulated by the Supreme Court in *Johnson* holds that no violation of Double Jeopardy has occurred in this case.

Accordingly, ground five should be denied on the merits because the decision of the Ohio appeals court here is not an unreasonable application of, nor contrary to, *Johnson*.

**6.** ***Ground six – contending that trial counsel was constitutionally ineffective – should be denied after AEDPA review because the decision of the state appeals court was not an unreasonable application of the clearly established federal law of Strickland v. Washington.***

Here, Cooper in his traverse maintains that his trial counsel was ineffective for: (1) failing to seek a merger of counts three and four,[170] (2) failing to file a motion to suppress the evidence of his computer and hard drive,[171] and (3) failing to make a determination as to

---

[169] ECF # 9, Attachment at 104.

[170] ECF # 10 at 15.

[171] *Id.* at 15-17.

whether the images were real or virtual.[172] I also note that Cooper raised two additional grounds of ineffective assistance in the Ohio courts,[173] and stated a general, non-specific claim in his petition.[174] Consequently, in order to comprehensively review this claim, I will examine all five claimed instances of ineffective assistance raised in the Ohio courts.

First, I note that the state appeals court initiated its analysis of the five stated instances of claimed ineffective assistance by correctly citing the clearly established, two-prong federal test of *Strickland*,[175] as that rule was incorporated into Ohio law. The appeals court then observed, as *Strickland* requires, that judicial scrutiny of counsel's performance must be highly deferential, and further noted that, in Ohio, a properly licensed attorney is presumed to be competent.[176] The court then addressed each of the claims in sequence as follows:

> Cooper sets forth several claims under this assignment of error. First, Cooper argues that defense counsel should have sought a merger of counts. As Cooper has failed to establish that a merger was warranted, we find no merit to this argument.
>
> Second, Cooper argues that defense counsel should have filed a motion to suppress evidence. He states that defense counsel should have challenged the search warrant, the seizure of evidence, and his warrantless arrest. It is well

---

[172] *Id.* at 17-19.

[173] *See*, ECF # 9, Attachment at 104. The two additional counts considered by the state appeals court but not addressed here by Cooper were: defense counsel should have considered a plea bargain or pleading to something less than the indicted charges, and defense counsel should have asked for judicial release.

[174] ECF # 1 at 5.

[175] ECF # 9, Attachment at 104 (citing *Strickland v. Washington*, 466 U.S. 668, 687 (1984)).

[176] *Id.* (citations omitted).

settled that the entry of a guilty plea waives "any complaint as to claims of constitutional violations not related to the entry of the guilty plea."

Third, Cooper argues that defense counsel failed to make a determination as to whether the images were real or virtual. Fourth, Cooper argues that no attempt was made to consider a plea bargain and to plead to something less than all of the charges. Because Cooper entered a guilty plea, he is precluded from claiming ineffective assistance of counsel, except to the extent that the defects complained of caused the plea to be less than knowing and voluntary. Cooper has not demonstrated that his plea was less than knowingly, voluntarily, and intelligently entered.

Fifth, Cooper argues that defense counsel requested judicial release when he was ineligible for judicial release. As no prejudice has been shown, Cooper has failed to establish a claim for ineffective assistance of counsel.

Accordingly, Cooper has not show ineffective assistance of counsel, requiring reversal of his conviction.[177]

The state appellate court's reasoning on each claim, clearly and succinctly set out in the decision quoted above, amply satisfies the reasonable application standard established in *Williams v. Taylor*.

After reviewing the reasons stated by the appeals court in denying Cooper's various individual assertions of ineffective assistance of counsel, ground six should be denied because the decision of the state court here was not an unreasonable application of the clearly established federal law of *Strickland*.

---

[177] ECF # 9, Attachment at 104 (citations omitted).

## Conclusion

For the foregoing reasons, I recommend that the petition of Scott Cooper for a writ of habeas corpus be dismissed in part and denied in part as is more fully set forth above.

Dated:  August 28, 2013                    s/ William H. Baughman, Jr.
                                           United States Magistrate Judge

## Objections

Any objections to this Report and Recommendation must be filed with the Clerk of Courts within fourteen (14) days of receipt of this notice. Failure to file objections within the specified time waives the right to appeal the District Court's order.[178]

---

[178] *See*, *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). *See also*, *Thomas v. Arn*, 474 U.S. 140 (1985), *reh'g denied*, 474 U.S. 1111 (1986).