# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | | |
|---|---|---|
| SCOTT COOPER, | ) | CASE NO. 1:11 CV 699 |
| | ) | |
| Petitioner, | ) | JUDGE DONALD C. NUGENT |
| | ) | |
| v. | ) | ORDER ADOPTING |
| | ) | MAGISTRATE JUDGE'S REPORT |
| | ) | AND |
| | ) | RECOMMENDATION |
| KEITH SMITH, | ) | |
| | ) | |
| Respondent. | ) | |

This matter comes before the Court upon the Report and Recommendation of Magistrate Judge William H. Baughman, Jr. The Report and Recommendation (ECF # 11), issued on August 28, 2013, is hereby ADOPTED by this Court.

Petitioner filed for a writ of habeus corpus pursuant to 28 U.S.C. §2254, challenging the constitutionality of his conviction for possession of child pornography. The Petition alleges various violations as follows: (1) Petitioner was denied due process of law because his indictment failed to allege any culpable mental state, thus omitting an essential element of the offense; (2) Petitioner was denied due process when the court failed to determine the defendant's knowledge of the effect of his guilty plea; (3) Petitioner was denied due process and subjected to cruel and unusual

punishment because his sentence was based upon offenses not alleged in the indictment nor admitted by the defendant, and his consecutive sentences, amounting to sixteen years, are unreasonable and constitute cruel and unusual punishment; (4) Petitioner was denied due process when the court imposed a consecutive sentence without making any required findings to justify a consecutive sentence; (5) Petitioner was denied due process and subjected to unconstitutional multiple punishments when the trial court failed to merge similar offenses into a single offense; and, (6) Petitioner was denied effective assistance of counsel.

The Magistrate Judge recommends that the Petitioner's first claim be dismissed insofar as it constitutes a challenge to the Ohio court's finding that the indictment in this case was not deficient for failing to state a culpable mental state and should be denied to the extent that the claim involves a challenge to the knowing nature of Petitioner's guilty plea. Petitioner's second claim should be denied on procedural grounds because Petitioner's failure to raise an issue at the time of the colloquy as to any deficiencies in the court's presentation waives the matter for later review. The Magistrate Judge further recommends Petitioner's third claim should be dismissed partially because it states a non-cognizable state law claim and partially because the remaining issue of the unreasonableness of consecutive sentences was procedurally defaulted. Petitioner's fourth claim should be dismissed because it states a non-cognizable state law claim. Petitioner's fifth claim should be denied on the merits because the decision of the Ohio court was not an unreasonable application of clearly established federal law. Finally, the Magistrate Judge recommends Petitioner's sixth claim should be denied because the decision of the state appeals court was not an unreasonable application of clearly established federal law. The Petitioner timely filed objections to the Magistrate Judge's Report. (ECF #13). The Court has reviewed *de*

*novo* the Report and Recommendation, *see Ohio Citizen Action v. City of Seven Hills*, 35 F. Supp. 2d 575, 577 (N.D. Ohio 1999). The Court finds Magistrate Judge Baughman's Report and Recommendation to be thorough, well-written, well-supported, and correct. The Court finds that Petitioner's objections raise no arguments (factual or legal) that have not been fully addressed by the Magistrate Judge. Petitioner's objections are unwarranted. The Court, therefore, ADOPTS the Magistrate Judge's Report in its entirety.

Further, for the reasons stated in the Magistrate Judge's Report and Recommendation, a reasonable jurist could not conclude that dismissal of the Petition is in error or that Petitioner should be permitted to proceed further. Accordingly, the Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith, and there is no basis upon which to issue a certificate of appealability. 28 U.S.C. § 2253(c); FED. R. APP. P. 22(b).

Petitioner's Motion for Habeas Corpus is hereby DENIED IN PART and DISMISSED IN PART as to the first claim, DENIED as to the second, fifth, and sixth claims, and DISMISSED as to the third and fourth claims. IT IS SO ORDERED.

_____
DONALD C. NUGENT
United States District Judge

DATED: November 20, 2013